1  June D. Coleman - 191890
   Jennifer S. Gregory - 228593
2  ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
   555 University Avenue, Suite 200 East
3  Sacramento, CA  95825
   Tel: (916) 283-8820
4  Fax: (916) 283-8821
   JColeman@ecplslaw.com
5  JGregory@ecplslaw.com

6  Attorneys for
   DIVERSIFIED COLLECTION SERVICES, INC.
7

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12  KRISTINA GARMAN,                    | Case No.: 09-CV-04570-JSW
13          Plaintiff,,                 | **DIVERSIFIED COLLECTION SERVICES, INC.'S ANSWER AND REQUEST FOR JURY TRIAL**
14  v.                                  |
15  DIVERSIFIED COLLECTION SERVICES, INC.,
16
             Defendant..
17

18

19      Defendant DIVERSIFIED COLLECTION SERVICES, INC. (hereinafter "Defendant") hereby
20  responds to Plaintiff KRISTINA GARMAN's ("Plaintiff") Complaint as follows:
21      1.   As to Paragraphs 1-2, 19-23, and 26-30, these paragraphs do not contain matters that
22  need to be admitted or denied by Defendant.
23      2.   As to Paragraph 3, at this time Defendant does not contest this Court's federal subject
24  jurisdiction, but denies supplemental jurisdiction exists.
25      3.   As to Paragraph 4, at this time Defendant does not contest this Court's personal
26  jurisdiction.
27      4.   As to Paragraph 5, at this time Defendant does not contest venue.
28

DIVERSIFIED COLLECTION SERVICES, INC.'S ANSWER AND REQUEST FOR JURY TRIAL

5. As to Paragraphs 6, 12, 14-18, 25, at this time Defendant denies these allegations.

6. As to Paragraph 7, Defendant lacks sufficient information to admit or deny that Plaintiff resides in Omaha, Nebraska, but admits the remaining averments.

7. As to Paragraphs 8-9, 13, at this time Defendant admits these allegations.

8. As to Paragraph 10, Defendant admits that is a corporation which does business in City of Livermore, County of Alameda, State of California, but lacks sufficient information to admit or deny the remaining allegations, and on that basis denies the remaining allegations.

9. As to Paragraph 11, Defendant admits that it acts through its employees and agents, but denies that its employees and agents acted in the way described in the complaint such as to be a violation of federal or state law.

10. As to Paragraph 24, incorporates and repeats its responses to all of the foregoing paragraphs in Count I as if set forth in full herein.

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

11. Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

12. Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

13. Defendant is informed and believes and thereon alleges that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to him injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

14. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, and/or these intentional acts

proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against Defendant should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

15. Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

16. Defendant alleges that all its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

### SEVENTH AFFIRMATIVE DEFENSE

17. Defendant alleges that it has no civil liability under the Rosenthal FDCPA as the Rosenthal FDCPA claim is preempted by federal law.

### EIGHTH AFFIRMATIVE DEFENSE

18. Defendant alleges that it has no civil liability under the Rosenthal FDCPA, pursuant to California Civil Code § 1788.30(e) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### NINTH AFFIRMATIVE DEFENSE

19. Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

### TENTH AFFIRMATIVE DEFENSE

20. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the immunities embodied either in California Civil Code § 47(c), or arising under federal and state statutory law.

### ELEVENTH AFFIRMATIVE DEFENSE

21. Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

## TWELTH AFFIRMATIVE DEFENSE

22. Defendant alleges that the claims asserted in the Complaint do not allow for declaratory relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

23. Defendant alleges that the amounts (including any interest, fee, charge, or expense incidental to the obligation) stated in any communication made to Plaintiff were actually owed.

## FOURTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff is barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint (and the causes of action alleged therein) is barred by the doctrines of waiver and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

26. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its client pursuant to *Ducrest v. Alco Collections, Inc.* (M.D. La. 1999) 931 F.Supp. 459, 462, and *Hulse v. Ocwin* (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

## SEVENTHEENTH AFFIRMATIVE DEFENSE

27. Defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

28. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, contributory negligence, offset, duress, failure of consideration, fraud, illegality, license, *res judicata*, failure to join an indispensable party, release, laches, and abatement.

## NINETEENTH AFFIRMATIVE DEFENSE

29. Defendant presently has insufficient knowledge of information on which to form a

belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For attorneys' fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: December 7, 2009

Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By /s June D. Coleman
June D. Coleman
Attorney for
DIVERSIFIED COLLECTION SERVICES, INC.

DIVERSIFIED COLLECTION SERVICES, INC.'S ANSWER AND REQUEST FOR JURY TRIAL

**REQUEST FOR JURY TRIAL**

Defendant DIVERSIFIED COLLECTION SERVICES, INC. hereby demands a jury trial in this matter.

Dated: December 7, 2009

                        ELLIS, COLEMAN, POIRIER, LAVOIE, &
                        STEINHEIMER LLP

                        By   /s June D. Coleman
                               June D. Coleman
                               Jennifer S. Gregory
                               Attorney for Defendant
                               DIVERSIFIED COLLECTION SERVICES, INC.